UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT FUTRELL, ) | |
| ) | |
| Petitioner, ) | |
| v.  ) | Case No. 1:14-cv-00048-JMS-TAB |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Robert Futrell is an Indiana state prisoner currently incarcerated at Putnamville Correctional Facility. For the reasons explained in this Entry, Mr. Futrell's petition for a writ of habeas corpus must be **denied** and the action dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

On January 16, 1998, Mr. Futrell pled guilty to two counts of carrying a handgun without a license and was sentenced to four years' imprisonment (the "1998 Conviction"). After serving over three years in prison for the 1998 Conviction, Mr. Futrell was released on parole on June 7, 2001, and was discharged from his sentence entirely on May 16, 2002.

On August 9, 2002, Mr. Futrell was convicted by a jury of robbery and battery, and was sentenced as an habitual offender (the "2002 Conviction"). He was sentenced to forty years' imprisonment and remains in custody for that conviction.

Mr. Futrell commenced state post-conviction proceedings regarding the 2002 Conviction in March 2004. He was eventually denied relief by the post-conviction court, and the Indiana

1

Court Appeals affirmed this decision on February 19, 2008. *See Futrell v. State*, 881 N.E.2d 100, 2008 WL 427662 (Ind. Ct. App. 2008).

On July 1, 2011, Mr. Futrell filed a petition for a writ of habeas corpus in this Court challenging his 2002 Conviction. That petition was dismissed with prejudice on September 15, 2011, because it was filed outside the statute of limitations. *See* No. 1:11-cv-00898-SEB-DKL, Dkt. 18. This Court, and subsequently the Seventh Circuit, denied Mr. Futrell a certificate of appealability.

On September 10, 2012, Mr. Futrell filed a petition for post-conviction relief in state court regarding his 1998 Conviction. While those proceedings were ongoing, Mr. Futrell filed another habeas petition in this Court, which again challenged his 2002 Conviction. That petition was dismissed on September 28, 2012, for lack of jurisdiction because it was an unauthorized successive habeas petition. *See* No. 1:12-cv-01342-WTL-DKL, Dkt. 6.

On November 21, 2013, Mr. Futrell filed a motion for permission to file a successive habeas petition with the Seventh Circuit. The Seventh Circuit denied Mr. Futrell authorization to do so on December 17, 2013.

Shortly thereafter, Mr. Futrell, proceeding *pro se*, filed the instant petition for a writ of habeas corpus on January 10, 2014. After multiple supplemental briefs, Mr. Futrell's petition is now ripe for ruling.

## II. Discussion

It is not entirely clear from Mr. Futrell's habeas petition what types of claims he seeks to raise. Nor is it clear whether his habeas petition seeks to challenge his 1998 Conviction or his 2002 Conviction.

In response to the Court's show cause order, the respondent construed Mr. Futrell's petition as challenging his 1998 Conviction. Given this, the respondent argues that his petition must be denied for lack of jurisdiction because he is no longer "in custody" for his 1998 Conviction.

The Court subsequently ordered the respondent to provide the Court with more information regarding the sentences imposed for both the 1998 Conviction and 2002 Conviction and ordered Mr. Futrell to supplement his briefing with argument as to why he remains in custody with respect to his 1998 Conviction. [*See* Filing No. 10; Filing No. 12.]

In his supplemental briefing, Mr. Futrell acknowledges that he is no longer in custody for his 1998 Conviction. [*See* Filing No. 13 at 4.] However, he argues that the Court has jurisdiction because he is challenging his 2002 Conviction on the ground that his sentence was enhanced was based at least in part on his 1998 Conviction, which he contends was obtained in violation of his constitutional rights. [*See* Filing No. 16 at 2 ("This Court does have jurisdiction . . . under 28 U.S.C. § 2254 because Futrell['s] plea agreement to the 1998 predicate felonies has him in custody pursuant to the state court habitual offender conviction that he is challenging one of the state['s] predicate. . . . . The conviction Futrell attacks in his petition for habeas relief is his 1998 Marion County Conviction . . . that enhance the 2002 Conviction as the habitual offender was attached to [the 2002 Conviction].").]

The Court accepts Mr. Futrell's clarification that his habeas petition is a challenge to his enhanced sentence received as a result of his 2002 Conviction. The consequences of this, however, is that the Court lacks jurisdiction over his petition, as he has already challenged the 2002 Conviction via prior federal habeas petitions. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210

3

F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

Here, less than a month before Mr. Futrell filed the instant habeas petition, the Seventh Circuit denied him authorization to file a successive habeas petition in Case No. 13-3608. Accordingly, this Court lacks jurisdiction over Mr. Futrell's petition and it is therefore dismissed.[1]

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

---

[1] Even if Mr. Futrell's habeas petition is properly construed as a challenge to his 1998 Conviction, the Court would still lack jurisdiction over his habeas petition. A federal court has jurisdiction over a habeas petition only if the petitioner is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). To meet the "in custody" requirement, the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Mr. Futrell himself acknowledges, he is no longer in custody for his 1998 Conviction.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  January 28, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT FUTRELL
851182
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel